# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ABU-BAKARR KARGBO, | |
| Plaintiff, | Case No. 2:09-CV-2152-KJD-RJJ |
| v. | **ORDER** |
| FEDEX GROUND PACKAGE SYSTEMS, INC, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Dismiss, or in the alternative, Stay the Proceedings and Compel Arbitration (#5). Plaintiff filed a response in opposition (#6) to which Defendant replied (#10).

<u>I.  Background and Procedural History</u>

Plaintiff ("Kargbo") purchased a FedEx Ground delivery route directly from its private owner for approximately $150,000.00.  In order to maintain the route and work with Defendant FedEx, Kargbo was required to sign a twenty-nine (29) page Operating Agreement.  During the time that he operated the route, Plaintiff alleges that local FedEx personnel attempted to coerce Plaintiff into selling the route back to FedEx.

Plaintiff alleges that he was arrested on false charges by the Henderson Police Department after receiving a domestic complaint from his wife. Plaintiff alleges that despite his United States' citizenship and after speaking with local FedEx officials, Henderson Police placed an immigration hold on Plaintiff so that he could not bail himself out of jail and return immediately to work.

Local FedEx officials then declared Plaintiff in breach of the Agreement and converted Plaintiff's route to a company-owned route with no compensation to Plaintiff. Section 12.3 of the Agreement mandates that any dispute over termination of the Agreement, "but not others," must be arbitrated pursuant to Commercial Arbitration Rules of the American Arbitration Association ("AAA"). Section 12.3(e) limits the scope of the arbitrator's powers to determining whether the termination was valid or not, awarding Plaintiff lost income, and allocating AAA expenses and costs.

The Agreement contains a choice-of-law provision providing that it is to be interpreted and construed under the laws of Pennsylvania. On November 10, 2009, Kargbo filed the present action for breach of contract and conversion asserting that Defendant unfairly terminated the contract and converted his route to their own use without compensating him. Defendant then filed the present motion.

II.  Choice-of-Law

Plaintiff correctly asserts that his tort action for conversion is governed by Nevada law under the most significant relationships test. See General Motors Corp. v. Eighth Judicial Dist. Ct., 134 P.3d 111 (Nev. 2006)(the Second Restatement's most significant relationships test governs choice-of-law issues in tort actions). However, Plaintiff incorrectly asserts that Nevada law applies to his breach of contract action.

The Agreement clearly states: "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania." Nevada courts "routinely honor" choice-of-law provisions in contracts. See Rio Properties, Inc. v. Stewart Annoyances, Ltd., 420 F. Supp.2d 1127, 1130-31 (D. Nev. 2006)(citing Engel v. Ernst, 102 Nev. 390, 395 (1986)("It is well settled that parties are permitted to select the law that will govern the validity and effect of their

contract"). Accordingly, Pennsylvania law applies to the Agreement and interpretation of the arbitration provisions.

Courts must read a clear and unambiguous contractual provision according to its plain meaning. See Eichelman v. Nationwide Ins. Co., 711 A.2d 1006, 1008 (Pa. 1998). Operating Agreements identical to the one at issue here have been reviewed and found to be valid and enforceable in courts around the country including the District of Nevada. See Hash v. FedEx Home Delivery, 3:05-cv-00353-LRH-RAM, Docket No. 17 (reviewing the arbitration provision of the operating agreement at length and finding the terms were not unconscionable and compelling arbitration); Maddox v. FedEx Ground Package Systs., No. 47462, (Nev. Jan. 23, 2008)(finding Pennsylvania law applied to operating agreement, finding arbitration provision not unconscionable).

However, Plaintiff argues that the Agreement is unconscionable, because: (1) Plaintiff did not knowingly sign a jury waiver; (2) the costs to initiate arbitration are too high; and (3) the agreement will cause a "multiplicity of legal actions." However, these complaints do not force the conclusion that the Agreement's arbitration provision is unconscionable. Instead, Plaintiff has failed to meet his burden in establishing that the provision is unenforceable. See Denlinger v. Dendler, 608 A.2d 1061, 1067 (Pa. Super.Ct. 1992).

Though Plaintiff asserts that the arbitration provision is unconscionable, because he did not knowingly sign a jury waiver, the agreement clearly and unambiguously required arbitration over disputes surrounding termination of the Agreement: "The dispute shall be heard and determined by a single arbitrator." Operating Agreement 12.3(b). Thus, it was clear that an arbitrator rather than a jury would resolve disputes over termination of the Agreement.

Second, the Agreement is not substantively unconscionable due to the fees associated with the arbitration process. Plaintiff has failed to meet his burden, much like the plaintiff in Hash, because there is no evidence of the arbitration fees, no evidence of Plaintiff's inability to pay, and the arbitration agreement allows the arbitrator to apportion the costs between the parties.

Finally, though Plaintiff expresses concern about having to litigate in multiple venues and locations, the Court will stay the conversion claim pending completion of arbitration on the breach of contract issue. Determination of the wrongful termination claim will actually simplify resolution of Plaintiff's cause of action for conversion.

None of the issues raised by Plaintiff demonstrate that the arbitration provision is procedurally or substantively unconscionable. For the arbitration provision to be procedurally unconscionable, the court would have to determine that Plaintiff lacked any meaningful choice in accepting it. See Denlinger, 608 A.2d at 1068. However, the mere fact that the Agreement was not negotiated, the parties were of unequal bargaining power and the Agreement is a contract of adhesion does not render it unconscionable. Id. at 1067. The terms of the Agreement were clear when Plaintiff signed it, and Plaintiff came to Defendant to establish the business relationship. It can hardly be said that Plaintiff lacked any meaningful choice, since he willingly spent $150,000 to acquire the opportunity for the business relationship with FedEx.

Furthermore, the arbitration provision is not substantively unconscionable, because it is not unreasonably or grossly unfair to either party and the parties agreed to it. See id. Nothing in the Agreement "shocks the conscience." Feldman v. Google, Inc., 513 F. Supp.2d 229, 239 (E.D. Pa. 2007). Here, Plaintiff has demonstrated not facts or contract provisions that shock the conscience. Therefore, the Court will order the contract claim to arbitration, and stay the conversion claim.

IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or in the alternative, Stay the Proceedings and Compel Arbitration (#5) is **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that Defendant's motion to compel arbitration on Plaintiff's claim for breach of contract is **GRANTED**;

///

///

4

1      **IT IS FURTHER ORDERED** that Plaintiff's claim for conversion is stayed pending
2 arbitration of the contract claim.
3      DATED this 29th day of September 2010.

                                                                                     _____
                                                                                     Kent J. Dawson
                                                                                     United States District Judge