# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ABU-BAKARR KARGBO , | |
|     Plaintiff, | Case No. 2:09-CV-02152-KJD-GWF |
| v. | **ORDER** |
| FEDEX GROUND PACKAGE SYSTEMS, INC. , | |
|     Defendant. | |

Presently before the Court is Plaintiff's Motion to Appoint a Neutral Arbitrator (#13). Defendant filed a response in opposition (#14).

I.  Background and Procedural History

On November 10, 2010, Plaintiff filed a claim alleging, among other claims, breach of contract by wrongful termination. Plaintiff's contract with Defendant explicitly requires arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). Response Exhibit A, Section 12.3. On September 29, 2010, this Court ordered the parties to arbitration on Plaintiff's breach of contract claim, staying the remaining claim pending the arbitration. The arbitration process has not been initiated. Rather, the parties have engaged in a series of correspondence which has failed to result in any progress toward arbitration. Response (#14)

1  Exhibits B-F. Plaintiff brings the instant motion to appoint an arbitrator suggesting that the parties

2  are at "an impasse." Motion at 3.

3  II. Analysis

4        Courts must read a clear and unambiguous contractual provision according to its plain

5  meaning. See Eichelman v. Nationwide Ins. Co., 711 A.2d 1006, 1008 (1998). Paragraph 12.3(b)

6  requires that the parties select an arbitrator "chosen pursuant to the procedures of the AAA." The

7  language of the contract is clear and unambiguous. Plaintiff must therefore select an arbitrator in

8  accordance with the procedures of the AAA.

9        Further, as noted by the Nevada Supreme Court:

10       [e]very court has the inherent power, in the exercise of a sound judicial discretion, to dismiss
         a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to
11       expedite his case to a final determination. The decision of a trial court in dismissing a cause
         for lack of prosecution will not be disturbed on appeal unless it is made to appear that there
12       has been a gross abuse of discretion…The element necessary to justify dismissal for failure to
         prosecute is lack of diligence whether individually or through counsel.

13

14  Walls v. Brewster, 112 Nev. 175, 178, (1996) (internal citations and alterations omitted).

15       Plaintiff allowed an entire year, less twenty days, to elapse between this Court's Order

16  requiring arbitration and the instant motion seeking court-appointment of an arbitrator. In the interim,

17  no substantive action has been taken to resolve this issue and comply with this Court's Order. While

18  the Court has not yet dismissed Plaintiff's claim for lack of diligence, considerations of judicial

19  economy suggest such action. Accordingly, Plaintiff has fourteen (14) days in which to initiate the

20  arbitration process in accordance with the procedures of the AAA. Should Plaintiff fail to do so, his

21  claims will be dismissed with prejudice.

22  III.  Conclusion

23       Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint a Neutral

24  Arbitrator is **DENIED**;

25       **IT IS FURTHER ORDERED** that Plaintiff initiate arbitration within fourteen (14) days of

26  this order;

2

1    **IT IS FURTHER ORDERED** that the Clerk of the Court administratively close this action,

2  subject to reopening on completion of arbitration.

3  DATED this 10th day of July 2012.

4

5

6  _____

7  Kent J. Dawson
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26